Spencer *v.* Roberts.

————— ◆ —————

OGDEN SPENCER *vs.* EDMUND D. ROBERTS.

SAME *vs.* JAMES G. WELLS AND ANOTHER.

At common law a right to the immediate possession is necessary, to maintain replevin for goods unlawfully detained.

But the language of the statute with regard to replevin, as found in the Revision of 1866, tit. 1, ch. 15, is such as to make a title, without the right of immediate possession, sufficient.

By the Revision of 1875 (p. 484, sec. 1,) the former statute is so changed that a right of immediate possession is now necessary.

Spencer *v.* Roberts.

Two ACTIONS of replevin for goods unlawfully detained; brought to the City Court of the city of Hartford.

The defendants had attached, as the property of W. F. Spencer, a son of the plaintiff, certain hotel furniture owned by the plaintiff and leased by him to the said W. F. Spencer.

The City Court found the facts and rendered judgment for the defendants in both suits, and the plaintiff brought the cases before this court by motions in error.

*Cole* and *Aberdien,* for the plaintiff.

*Welles,* for the defendant Roberts.

*McCloud,* for the defendants Wells & Co.

PHELPS, J.    It appears from the record in these cases that the plaintiff was the owner, but had not the possession, or the right to the immediate possession, of the goods which were replevied.

The principal object of the action of replevin is to recover the specific thing, and but for the peculiarity of the statute at the time the property was attached and replevied, we should not hesitate to hold that the actions should have been brought, and could only be maintained, in the name of the party entitled to the possession.    In the absence of a possessory right shown to exist in another, the general property in chattels draws to it the right to the possession.    Here however the actual possession and the right to its continuance were in a third person, and the question whether the legal title arising from ownership alone, without the right of immediate possession, is sufficient to enable the plaintiff to maintain his actions, is presented.

At common law, and by the present revision of the statutes, which has gone into effect since these actions have been pending, the right to the possession accompanied by a general or special property in the goods is vitally essential, but by sections 327, 337, and 341, of chapter 15, of title 1, of the revision of 1866, in force when the suits were commenced,

the plaintiff seems only to be required to either make out a title as the true owner, or show that he is entitled to the immediate possession. We are aware of no rule of construction which will permit us to disregard the plain meaning of the language used, the common acceptation of which extends throughout the chapter and indicates itself in the several distinct provisions above cited. Those sections are in harmony with each other and with the construction which we adopt, and there is error in the judgment complained of.

In this opinion the other judges concurred.